UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HORIZON COMICS PRODUCTIONS, INC. <br><br> *Plaintiff,* <br><br> v. <br><br> MARVEL ENTERTAINMENT, LLC, <br> MVL FILM FINANCE, LLC, <br> MARVEL WORLDWIDE INC., <br> MARVEL STUDIOS, LLC, <br> DMG ENTERTAINMENT LLC <br> PARAMOUNT PICTURES CORP. <br> WALT DISNEY STUDIOS MOTION <br> PICTURES, INC., AND <br> DOES 1 THROUGH 10, INCLUSIVE <br><br> *Defendants.* | Civil Action No. 16-2499 |

COMPLAINT FOR COPYRIGHT INFRINGEMENT
AND DEMAND FOR JURY TRIAL

INTRODUCTION

1.    The Plaintiff, Horizon Comics Productions, Inc. ("Plaintiff"), brings this action to

vindicate its rights against the defendants, who are the copyright holders and creators ("Creator

Defendants")[1] and the distributors ("Distributor Defendants")[2] (collectively the "Defendants") of

the *Iron Man* and *Avenger* movie franchises[3] (the "Films").

2.    Comic book artists Ben and Ray Lai (owners of the plaintiff corporation) created the

comic book series *Radix* in 2001, years before the release of the Films. The characters in *Radix*

---

[1] The Creator Defendants include Marvel Entertainment, LLC; MVL Film Finance; Marvel
Worldwide, Inc.; Marvel Studios, LLC; DMG Entertainment, LLC; Paramount Pictures Corp.;
and Doe Defendants 1-10.
[2] The Distributor Defendants include Paramount Pictures Corporation; The Walt Disney Studios
Motion Pictures, Inc.; and Doe Defendants 1-10.
[3] Including, *Iron Man*, *Iron Man 2*, *Iron Man 3*, *The Avengers*, and *The Avengers: Age of Ultron*.

are depicted wearing highly-detailed, mechanized suits of body armor.

3.     Shortly after *Radix's* release, the Lai brothers submitted their work in *Radix* to Creator Defendants and were hired by Creator Defendants as artists, on account of that work.

4.     In the Films, which followed a few years later, the traditional depiction of the protagonist in Marvel's comic books, "Iron Man," radically changed.  In the Films, Iron Man is depicted wearing mechanized body armor that appropriates the copyrighted artistic work of the Plaintiff without authorization or attribution.  Defendants have published books (the "Books"), DVD's, and other merchandise that similarly appropriate the copyrighted artistic work of the Plaintiff.

5.     Through their copying of Plaintiff's copyrighted work and distributing the DVDs, Books, other merchandise, and Films across the United States and world for theatrical presentation, the Defendants have violated the Copyright Act of the United States 17 U.S.C. s. 101 *et sec.* and entitle the Plaintiff to the requested relief.

## PARTIES

6.     Plaintiff is a Canadian corporation and is the owner of all rights, including copyright, in and to the *Radix* series of comic books and the advertising and promotional materials associated therewith (collectively the "Radix Materials").  Its rights are evidenced by United States Copyright Registration Nos. TX0007905283, TX0007948821, TX0007948818, VAu001213367, and VA0001962652 each of which it owns as works made for hire or via assignment, and Registration No. VA0001950739.

7.     Upon information and belief, Defendant Marvel Entertainment, LLC ("Marvel Entertainment") is a Limited Liability Company organized and existing under the laws of the State of Delaware, registered to do business in the State of New York as a foreign limited

liability company, conducts business in this District of the State of New York and has a principal

place of business in New York, New York.   Marvel Entertainment is the producer of the films

*Iron Man* and *Iron Man 2* and owns the copyrights embodied in the Iron Man name and

character.

8.      Upon information and belief, Defendant MVL Film Finance, LLC ("MVL") is

a Limited Liability Company organized and existing under the laws of the State of Delaware,

with a principal place of business in California.  MVL is a subsidiary of Defendant Marvel

Entertainment and owns the copyrights in the Films and books.

9.      Upon information and belief, Defendant Marvel Worldwide Inc. ("Marvel

Worldwide") is a corporation organized and existing under the laws of the State of Delaware,

registered to do business in the State of New York as a foreign business corporation, conducts

business in this District of the State of New York, and has a principal place of business in New

York, New York. Marvel Worldwide is a subsidiary of Defendant Marvel Entertainment and is

the publisher of the Iron Man books.

10.      Upon information and belief, Defendant Marvel Studios, LLC ("Marvel

Studios") is a Limited Liability Company organized and existing under the laws of the State of

Delaware, is registered to do business in the State of New York as a foreign limited liability

company, conducts business in this District of the State of New York, and has a principal place

of business in Burbank, California,   Marvel Studios principal business activity is the producing

of live action motion pictures for theatrical release, including the Films.

11.      Upon information and belief, Defendant DMG Entertainment, LLC ("DMG")

is a Limited Liability Company organized and existing under the laws of the State of Delaware,

with a principal place of business in California. DMG is a movie production company that is a

producer for *Iron Man 3*.

12.     Upon information and belief Paramount Pictures Corporation ("Paramount") is a corporation organized and existing under the laws of the State of Delaware, is registered in the State of New York to do business as a foreign business corporation, conducts business in this District of the State of New York, with a principal place of business in Hollywood California. Paramount was the United States theatrical distributor of *Iron Man* and *Iron Man 2*, including distribution and exploitation of the Films into this District of the State of New York, and is a producer of the *Iron Man 2* film.

13.     Upon information and belief, Walt Disney Studios Motion Pictures, Inc. ("Walt Disney Studios") is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business in Burbank, California. Walt Disney Studios Motion Pictures was the distributor of *Iron Man 3* and *The Avengers* movies, including distribution and exploitation of the Films into this District of the State of New York.

14.     The true names and capacities whether individual, corporate, associate, or otherwise, of defendants sued herein as Does 1 through 10, are unknown to Plaintiff, who therefore sues such defendants by such fictitious names (the "Doe Defendants"). Plaintiff will seek leave of Court to amend this complaint to state their true names and capacities when they have been ascertained.  Plaintiff is informed and believes and on that basis avers that the Doe Defendants are liable to Plaintiff as a result off their participation in all or some of the acts set forth herein and are amenable to suit in this judicial District.


## JURISDICTION AND VENUE

15.     This is a civil action seeking damages and injunctive relief for copyright

infringement under the Copyright Act of the United States, 17 U.S.C. § 101, *et seq.*

16.     This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

17.     This Court has personal jurisdiction over each of the Defendants because each Defendant regularly conducts business in this District of the State of New York and therefore has substantial and continuous contacts within this judicial District; because each Defendant has purposefully availed itself of the privileges of conducting business in this judicial District and reasonably should expect their infringing conduct to have consequences in the State of New York; because each Defendant derives substantial revenue from goods used or consumed in the State of New York; and/or because each Defendant has committed infringing acts inside and outside the State of New York causing injury to Plaintiff in the State of New York.

18.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and (c) and 28 U.S.C. §1400(a).  Upon information and belief, Defendants may be found in this District, a substantial part of the events or omissions giving rise to these claims have occurred and are occurring in this District, and Defendants are subject to personal jurisdiction in this District.

## FACTS

19.     The comic book *Radix* was created by the Lai brothers in early 2001.  Plaintiff published three volumes of *Radix*, one each in December 2001, February 2002, and April 2002. In the comic books, heroic characters are depicted wearing highly detailed, futuristic, armored, and weaponized suits of body armor to fight enemies.

20.     In March 2002, the Massachusetts Institute of Technology ("MIT"), one of the United States' premier scientific research institutions, incorporated an illustration that was substantially similar to an illustration from *Radix* in an application for a $50 million

nanotechnology research grant from the United States Army to create what became the Institute

for Soldier Nanotechnology.  One of the purposes of the grant was to develop a new generation

of body armor for soldiers.  MIT was awarded the grant.

21.     After several months, MIT issued a public apology to the Lai brothers for its

unauthorized use of the *Radix* image.  The controversy and MIT's apology were widely reported

in the media.

22.     Less than a month after MIT's apology, a predecessor-in-interest of Creator

Defendants hired the Lai brothers to work as artists on its various comic book franchises.  The

timing and negotiations leading to the Lai brother's hiring confirmed that Creator Defendants

were aware of the Lai brothers' artistic work on *Radix,* and it was a key reason for their

employment.

23.     Moreover, even before the MIT controversy, the Lai brothers had personally

distributed *Radix* promotional materials to various key personnel at Defendants.

24.     The Iron Man comic book character first appeared in 1963.  From that time

until the armor designs were created that made their appearance in the first of the Films, the

comic typically depicted Iron Man wearing simple spandex-like attire and minimal armor.

25.     In contrast, the Films depict Iron Man wearing a fully mechanized suit of body

armor.  The plot of each *Iron Man* Film centers on the protagonist as he creates and builds

increasingly powerful and futuristic versions of this body armor (each a "Suit" and, collectively,

the "Suits") that allow him to fly, shoot projectiles, and perform other superhuman feats.  Dozens

of Suits are created, each one more advanced than the last, and all of them represent a stark

departure from the simple attire depicted in the comic book series.

26.     The Suits—both their development and the effects they have on their wearers

and humanity at large—are essential elements of the Film's plots.

27.     Representative examples of the Iron Man suit as originally depicted in *Iron Man* comic books and then as depicted in the Films are attached hereto as Exhibit A.

28.     In addition to their appearance in the Films, the Suits are also featured prominently in Defendants' marketing and advertising materials relating to the Films, are the primary subject of at least two art books published under the titles *The Art of Iron Man 2* (Marvel Worldwide, Inc. 2011) and *The Art of Iron Man 3* (Marvel Worldwide, Inc. 2013), and are reproduced in a range of merchandise relating to the films, including toy action figures, and in Defendants' *The Avengers* film (the forgoing collectively referred to herein as the "Iron Man Materials").  The Films have been or will be released on DVDs and streamed through providers, such as Netflix and iTunes, under license from Defendants.

29.     It was not until after the Lai brother's submitted their work in *Radix* to Defendants that Marvel began depicting Iron Man wearing the Suits.  The Suits are substantially similar to the armor depicted in the *Radix* Materials years earlier. Neither the Lai brothers nor Plaintiff authorized any of the defendants to exploit the *Radix* Materials in these or any other ways.

30.     The depiction of Iron Man in the Iron Man Materials infringes Plaintiff's rights in its copyrighted *Radix* materials.

31.     For example, Defendants' poster promoting *Iron Man 3* ("Poster") is a copy of a promotional piece of art for the *Radix* comic.  An image of the Poster, alongside promotional art from *Radix* created years earlier, is attached as Exhibit B.  The Iron Man character, including the Suit, is depicted in the Poster in the same or substantially similarly to the character as he appears throughout the Iron Man Materials.

32.     Upon the Poster's release, Plaintiff sent a cease and desist letter to Defendants notifying them of Plaintiff's rights in the *Radix* series and demanding that all infringement stop. Defendants expressly refused to comply with Plaintiff's demands, thereby forcing plaintiff to file this action.

## COUNT I

## COPYRIGHT INFRINGEMENT

## (17 U.S.C. §§ 101 *et sec.*)

(By Plaintiff Against All Defendants)

33.     Plaintiff incorporates herein by this reference each and every averment contained in Paragraphs 1 through 32 inclusive.

34.     Horizon is the sole copyright owner of the illustrations alleged to have been infringed herein, including those in the *Radix* comics, and all of the copyrightable expression embodied therein.

35.     Horizon owns valid, registered, and protectable copyrights in the illustrations alleged to have been infringed herein, including those in the *Radix* comics, and the copyrightable expression embodied therein.

36.     The Creator Defendants are directly liable for copyright infringement because after obtaining access to Horizon's illustrations, including those in the *Radix* comic books, Creator Defendants created the Films, Books, DVDs and Iron Man Materials by copying copyrightable elements contained therein.

37.     Distributor Defendants are directly liable for copyright infringement because they displayed and distributed the Films, Books, DVDs and Iron Man Materials all of which are

copied from and based on copyrightable elements embodied in Horizon's illustrations, including those in the *Radix* comic books.

38.    The unauthorized copying, reproduction, display, performance and distribution of works copied and derived from Horizon's illustrations, including those contained in the *Radix* comic books, constitute violations of the United States Copyright Act, and each and all Defendants are acting as direct infringers pursuant to 17 U.S.C. § 101 *et sec*.

39.    Defendants' acts of infringement are willful, intentional and purposeful, in disregard of and with indifference to Plaintiff's rights.

40.    As a direct and proximate result of such the wrongful conduct of Defendants, Plaintiff has suffered and continues to suffer substantial monetary damages to be proven at trial.

41.    Plaintiff is also entitled to Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

42.    Plaintiff further is entitled to its attorney's fees and full costs pursuant to 17 U.S.C. §505 and otherwise according to law.

43.    As a direct and proximate result of the forgoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiff is informed and believes and on that basis avers that unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiff's rights in the *Radix* comic book series.

## COUNT II

### Contributory Copyright Infringement—Against All Defendants

44.     Plaintiff incorporates herein by this reference each and every averment contained in Paragraphs 1 through 43 inclusive.

45.     Each Defendant is liable for contributory infringement in that it knew or should have known of the infringing activity alleged herein, and knowingly induced, caused and/or materially contributed to the infringing acts alleged herein, by aiding the creation, development and/or exploitation of all of the works alleged herein to be infringing.

46.     The acts and conduct of each Defendant, as alleged herein, constitute contributory copyright infringement.

## COUNT III

### Vicarious Copyright Infringement—Against All Defendants

47.     Plaintiff incorporates herein by this reference each and every averment contained in Paragraphs 1 through 46 inclusive.

48.     Each defendant had the right, authority, and the ability to control or supervise the actions, failures, and omissions alleged herein that violated Horizon's copyrights in its illustrations, including those in its Radix comic.

49.     Each defendant obtained a direct financial benefit, interest, advantage, and/or economic consideration from the direct infringement of Defendants alleged herein.

50.     The acts and conduct of each Defendant, as alleged herein, constitute vicarious copyright infringement.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, jointly and severally, as follows:

1.  For damages in such amount as may be found, or as otherwise permitted by law.

2.  For an accounting of, and the imposition of a constructive trust with respect to, Defendants' profits attributable to the infringements of Plaintiff's Radix Materials.

3.  For a permanent injunction prohibiting Defendants, and their respective agents, servants, employees, officers, successors, licensee and assigns, and all persons acting in concert of participating with each of any of them, from continuing to infringe Plaintiff's copyrights in the Radix Materials.

4.  For prejudgment interest according to law.

5.  For Plaintiff's attorneys' fees, costs, and disbursements in this action.

6.  For such other and further relief as the Court may deem just and proper.

**JURY TRIAL DEMANDED**

Plaintiff hereby requests a trial by jury on each claim for relief alleged in the Complaint.

Respectfully submitted,

HORIZON COMICS PRODUCTIONS, INC.


By: /s/ Jeffrey Wiesner
Jeffrey Wiesner, BBO# 655814
Shapiro, Weissberg & Garin, LLP
90 Canal Street
Boston, MA 02114
Telephone: (617) 742-5800
Facsimile: (617) 742-5858
jwiesner@swglegal.com

Paul S. Sennott, BBO# 670571
Sennott & Williams, LLP
90 Canal Street
Boston, MA 02114
Telephone: (617) 303-1656
Facsimile: (617) 303-1666
psennott@sennottwilliams.com


Dated: April 4, 2016

EXHIBIT A



(1968)          (1979)          (1989)



(1996)          (2000)          (2013)

EXHIBIT B



